**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **LOUIS STILLIS, a/k/a "Lou Bop,"** | : | **NO: 04-680-03** |
| **TYRONE TRADER, a/k/a "Saleem"** | : | **-06** |

**DuBOIS, J.**                                                    **JULY 16, 2007**

## MEMORANDUM

Presently before the Court are the post-trial motions of defendants Louis Stillis and

Tyrone Trader for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 or, in

the alternative, for new trial pursuant to Federal Rule of Criminal Procedure 33.  For the reasons

that follow, with respect to the jury trial which resulted in guilty verdicts on January 18, 2007,

those motions are denied.  The Court reserves ruling on that part of defendant Stillis' motion that

addresses the January 19, 2007 non-jury trial and verdict of guilty on Count Fifty-Three of the

Superseding Indictment.

## I.       BACKGROUND

### A.       Facts and Procedural History

On April 13, 2005, a Grand Jury in the Eastern District of Pennsylvania returned a Fifty-

Three Count Superseding Indictment against Stillis, Trader, and seven other co-defendants.  In

Count One, the Superseding Indictment charges that the defendants participated in a conspiracy

to distribute more than five (5) kilograms of cocaine in Philadelphia and Delaware Counties from

in or about July 2003 through in or about October 2004, in violation of 21 U.S.C. §§ 841(a)(1)

and (b)(1)(A).  Each defendant was also charged in separate counts with distribution of cocaine

in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and distribution of cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(b)(1)(C) and 860(a).

Additionally, Count Fifty-Three of the Superseding Indictment charges that on or about April 22, 2004, defendant Stillis, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate commerce, a firearm, that is a loaded Lorcin 9mm semiautomatic pistol, serial number 133831, in violation of 18 U.S.C. § 922(g)(1).

The Superseding Indictment described the drug conspiracy as a pyramid structure with defendant Tyrone Smith at the top. Defendant Tyrone Smith was alleged to be "a supplier of large quantities of cocaine, ranging from approximately 250 grams to approximately one kilogram, which he distributed to defendant William Green . . . and others for redistribution in Delaware County, Pennsylvania." Superseding Indict. at 3. At the next level, the Superseding Indictment charges that defendant Green distributed the cocaine he received from defendant Smith to defendant Stillis and others for further distribution. At the bottom, the Government avers that defendant Stillis "distributed cocaine to numerous buyers in Delaware County, Pennsylvania, and used other members of the conspiracy," including defendants Kenneth Wilson, Sherron Moore, Tyrone Trader, Jamal Rideout, Richard Robinson, and Larry Davis, "to distribute cocaine to numerous street-level buyers, and to transport cocaine and to collect money from the sales of cocaine." Id. at 3-4. The activities of defendant Stillis and those members of the conspiracy who purchased cocaine from him for resale centered in the Toby Farms neighborhood of Chester Township in Delaware County, Pennsylvania.

On January 3, 2007, defendants Stillis and Trader, and defendants Larry Davis and Jamal

Rideout proceeded to trial before a jury.[1]  By agreement of the parties, Count Fifty-Three against

defendant Stillis was severed from the remainder of the charges.  On January 18, 2007, all four

defendants, including Stillis and Trader, were found guilty by the jury of all charges against

them.  The following day, January 19, 2007, defendant Stillis waived his right to a jury trial on

Count Fifty-Three, the government accepted his waiver, and the Court approved the waiver.  The

Court then tried the severed gun charge and found defendant Stillis guilty of that charge.

   **B.    Defendants' Motions**

At the close of evidence, defendant Trader made an oral motion for judgment of acquittal

under Rule 29 with respect to Counts One, Twenty-Two and Twenty-Three, which was denied by

the Court on January 16, 2007.  On January 25, 2007, defendant Trader filed the instant Motion

for Judgment of Acquittal and/or Motion for New Trial Pursuant to F.R.C.P. 29 and F.R.C.P. 33.

In that motion, defendant Trader "renews [his] motion for judgment of acquittal [under Rule 29]

and avers that the evidence was insufficient to support the jury's verdict."  Trader Mot. at 4.  In

the alternative, defendant Trader argues that, under Rule 33, "this was an exceptional case in

which 'the evidence preponderates so heavily against the verdict' that this court's authority to

grant a new trial should be invoked."  Id. at 5 (citing United States v. Sinclair, 438 F.2d 50, 51

n.1 (5th Cir. 1971)).

As stated above, Count One of the Superseding Indictment charged all defendants with

conspiracy to distribute more than five kilograms of cocaine.  Counts Twenty-Two and Twenty-

Three arise from the same transaction–in Count Twenty-Two, defendants Stillis and Trader are

---

[1]Defendants Tyrone Smith, William Green, Sherron Moore, Richard Robinson, and
Kenneth Wilson entered guilty pleas, and, with the exception of Tyrone Smith, testified against
the defendants at trial under cooperating plea agreements with the Government.

3

charged with distribution of 244.3 grams of cocaine, on or about July 15, 2004, and in Count Twenty-Three, the defendants are charged with distribution of 244.3 grams of cocaine, on or about July 15, 2004, within 1000 feet of a school.

On February 14, 2007, defendant Stillis filed a Motion for Judgment of Acquittal or in the Alternative Motion for New Trial Pursuant to F.R.C.P. 29 and F.R.C.P. 33.  Defendant Stillis' Motion seeks relief under either Rule 29 or Rule 33 with respect to the jury's verdict as to Count One of Superseding Indictment and the Court's conviction on Count Fifty-Three.  Defendant Stillis made an oral motion for judgment of acquittal with respect to Count One pursuant to Rule 29 at the close of evidence, which was denied by the Court on January 16, 2007.  In the instant Motion, defendant Stillis renews the prior "motion for judgment of acquittal and avers that the evidence was insufficient to support the jury's verdict."  Stillis Mot. at 4.  In the alternative, defendant Stillis requests that the Court grant a new trial pursuant to Rule 33.

Defendant Stillis filed two Supplements to his original motion.  The first, filed on March 28, 2007, addresses solely the non jury conviction on Count Fifty-Three of the Superseding Indictment.  A hearing is scheduled on July 25, 2007 with respect to defendant Stillis's Motion and First Supplement insofar as those motions relate to Count Fifty-Three.  Accordingly, the Court reserves ruling on defendant Stillis's Motion with respect to the non-jury conviction on County Fifty-Three.

In the Second Supplement, filed on May 23, 2007, defendant Stillis further elaborates on his position with respect to Count One, arguing that "the evidence adduced at trial was legally insufficient to support the jury's verdict that the conspiracy for which he was found guilty began in July 2003 or that the conspiracy involved the distribution of more than five kilograms of

4

cocaine." Stillis Second Suppl. Mot. at 2. On June 6, 2007, defendant Trader filed a Motion to Join defendant Stillis's Second Supplement, which the Court grants.

## II.   STANDARD OF REVIEW

### A.   Federal Rule of Criminal Procedure 29

A motion for judgment of acquittal under Rule 29 may only be granted where the evidence is insufficient to sustain the conviction. United States v. Gonzales, 918 F.2d 1129, 1132 (3d Cir. 1990). The court must determine whether the Government has adduced "substantial evidence to support the jury's guilty verdict." United States v. Wexler, 838 F. 2d 88, 90 (3d Cir. 1988).

In ruling on such a motion, a court may not weigh the evidence, nor is it permitted to make credibility determinations which are within the domain of the jury. Rather, the court must consider the evidence in the light most favorable to the Government, draw all reasonable inferences in favor of the Government, and "presume that the jury has properly carried out its function of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences." United States v. Wasserson, 418 F.3d 225, 237 (3d Cir. 2005). Viewing the evidence in its entirety, the verdict must be upheld unless "no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987).

### B.   Federal Rule of Criminal Procedure 33

Federal Rule of Criminal Procedure 33 states in relevant part: "The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." Fed. R. Crim. P. 33. A motion for new trial pursuant to Rule 33 is directed to the sound discretion of the

trial court.  United States v. Rottschaefer, 178 F. App'x 145, 149 (3d Cir. 2006).  "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion for a new trial on the ground that the verdict was contrary to the weight of the evidence it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case.  United States v. David, 2007 U.S. App. LEXIS 8876, *14-15 (3d Cir. Apr. 17, 2007) (quoting United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002)).  A district court "can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it believes that there is a serious danger that a miscarriage of justice has occurred–that is, that an innocent person has been convicted."  Id. at *15 (quoting United States v. Davis, 397 F.3d 173, 181 (3d Cir. 2005)).

## III.   DISCUSSION

### A.      Count One–Motions of Defendants Stillis and Trader

On January 18, 2007, Defendants Stillis and Trader were convicted of conspiring to distribute more than five kilograms of cocaine from in or about July 2003 through in or about October 2004–the crime charged in Count One of the Superseding Indictment.  The essential elements of this offense are (1) the defendants knowingly and intentionally entered into an agreement with at least one other person; (2) to distribute; (3) a controlled substance in amounts equal to or greater than the amount specifically charged, five kilograms of cocaine.  21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

Over the course of the nearly three week-long trial, the government presented a significant amount of evidence to support the conspiracy charge in Count One of the Superseding Indictment.  In its Consolidated Response, the government summarizes the evidence presented at

trial as follows:

    (1)    Telephone conversations recorded pursuant to a Title III wiretap (through the Commonwealth of Pennsylvania);

    (2)    Evidence of undercover purchases of cocaine from each of the defendants separately, and one delivery of approximately 244 grams of cocaine by both Stillis and Trader together (Counts Twenty-Two and Twenty-Three);

    (3)    Testimony of customers of each of the defendants who purchased cocaine for their own use at the Bridgewater Bar and other locations in and around Toby Farms; and

    (4)    Testimony from cooperating defendants Kenny Wilson, William Green and Richard Robinson.

Gov't Resp. at 1.

On January 16, 2007, in ruling on the oral motions of defendant Stillis and Trader for judgment of acquittal as to Count One, the Court stated as follows:

I view the evidence in the light most favorable to the Government.  I don't agree that any of the evidence in this case is so fraught with inconsistencies that it is unworthy of belief. And, in viewing the evidence in the light most favorable to the Government, I believe there is evidence that each defendant became -- knowingly became a member of the conspiracy and, with respect to drug quantity, I think there is evidence from which a juror could reasonably believe that it was foreseeable to each member of the conspiracy that the conspiracy would distribute in excess of five kilograms . . . I'm not going to comment on the evidence at this time, but I believe it is sufficient to warrant submitting the conspiracy count, Count 1, to the jury.

N.T. 1/16/2007, at 110-11.

In the instant motions, defendants raise two related issues with respect to Count One: (1) the sufficiency of the evidence as it relates to the charged dates of the conspiracy and (2) the sufficiency of the evidence as it relates to the charged drug quantities.  The Court addresses each issue in turn.

        1.     Evidence as to Dates of Conspiracy

Defendants argue that there was insufficient evidence for the jury to affirmatively answer "Jury Interrogatory 1," which asked: "Do you unanimously agree that the Government has proven

7

beyond a reasonable doubt that the quantity of cocaine defendant . . . knowingly and intentionally

conspired to distribute as part of the conspiracy, was five (5) kilograms or more?"  N.T.

1/28/2007, at 93.  In the Second Supplement, defendant Stillis specifically argues that the

government failed to prove that the conspiracy charged in the Superseding Indictment began in or

around July 2003.  Second Suppl. Mot. at 2.  On this issue, defendant Stillis argues that "the

jury's verdict as to jury interrogatory number one" on the issue of quantity, "would be affected by

among other factors the length of time available for the purchase and resale of the cocaine."  Id.

at 7.

In the Second Supplement, defendant Stillis describes in detail the witness testimony at

trial, which included multiple references to purchases of drugs from members of the conspiracy

in the "summer of 2003."[2]  Additionally, defendant Stillis cites testimony from the investigating

police officers that also supports the finding that the conspiracy began in and around July 2003.

First, Michael Skahill, a Pennsylvania State Police Trooper who investigated the drug

conspiracy, testified that a confidential informant started making arrangements for cocaine

purchases for Trooper Skahill and other investigators from "various persons in the Toby Farms

neighborhood," in late June 2003.  N.T., 1/05/2007, at 37.  Second, Mark Jenkinson, another

Pennsylvania State Police Trooper involved in the investigation described an undercover

purchase of 1.3 grams of cocaine from defendant Trader that took place on June 27, 2003.  Id. at

---

[2]Specifically, David Wilkins, N.T., 1/09/2007, at 67; Eric Savercool, id. at 97; Alicia
Czukiewski, N.T., 1/10/2007, at 116-17; and Richard Savage, N.T., id. at 188-89, 199, testified
that they were purchasing cocaine in the Toby Farms area from the defendants in the "summer of
2003."  Sandra Collins also testified that she purchased cocaine from defendant Stillis in the
summer of 2003, but later testified that she was not sure if it was 2003 or 2004.  Compare N.T.,
1/11/07, at 43 with id. at 97.

190-96.

The Court concludes that the extensive testimony at trial provided the jury with sufficient evidence to reasonably find that the conspiracy began in or around July 2003, and to consider that time frame in calculating the drug quantity involved in the case.

        2.      Evidence of Drug Quantity

Defendants' second argument is that the evidence at trial was insufficient to support the jury's finding that defendants conspired to distribute at least five kilograms of cocaine.  In reviewing the trial evidence relating to drug quantity, defendants focus on the testimony of defendant Green, arguing that, as the only testifying drug supplier from the conspiracy, "Mr. Green's testimony is key to the question of amount."  Stillis Second Suppl. Mot. at 8. Defendants calculate that defendant's Green's testimony as to the amount of cocaine transferred to defendant Stillis yields "an amount in the light most favorable to the government of two and three quarter kilograms."  Id.  On this basis, defendants argue that the evidence at trial was insufficient to support the guilty verdict on Count One, and the affirmative answer to Jury Interrogatory 1.

In response, the government first argues that the evidence at trial demonstrates that defendant Green could not have been defendant Stillis's only source of cocaine for distribution, and therefore the drug quantity involved exceeded those amounts transferred from Green to Stillis.  Specifically, the government argues that:

> It was also clear from the testimony, specifically of Donna Savage, that Stillis obtained cocaine from at least one other source, as he 'stashed' a kilogram of cocaine in her bedroom closet on one occasion.  (Wilson and Green both testified that Green's deliveries to Stillis were never larger than 500 grams at once).  Further, Stillis continued to receive cocaine after Green was arrested in September 2004.

Resp. 2nd Suppl. at 4.

Second, the government points to evidence that defendants used a cutting agent (usually Inositol) to stretch the quantity of the narcotics acquired before resale. Defendant Robinson testified that he would cut the cocaine he purchased from defendant Stillis "one for one," which he explained would result in doubling the cocaine for resale. See N.T. 1/11/2007, at 214-15. Similarly, Pennsylvania State Trooper Scott Miscannon testified that on February 18, 2004, while working undercover, he purchased four and a half ounces of cocaine from defendant Stillis who told trooper Miscannon that he "could put a one on the bag, and make another four and a half ounces out of the four and a half ounces that [he] had purchased." N.T. 1/8/2007, at 19. On the basis of this evidence, the government argues that "even if Stillis *obtained* less than five kilograms of cocaine, he and his minions *distributed* twice what he obtained, once it was mixed with the cutting agent." Gov't. Resp. to Second Suppl. Mot. at 12.

In sum, the Government argues that the evidence demonstrated that defendant Stillis obtained and re-distributed more than the two and three quarter kilograms distributed to defendant Stillis from defendant Green. The Government further argues that, even assuming, *arguendo*, that defendant Stillis obtained less than five kilograms, there was sufficient evidence at trial to support the jury's verdict that the defendants conspired to distribute at least five kilograms.

     3.     Analysis

Viewing the evidence in the light most favorable to the Government, and considering the arguments raised by the defendants, the Court concludes that a reasonable juror could accept the evidence at trial as sufficient to support the finding of the jury that the defendants were guilty

beyond a reasonable doubt on Count One.  See id.  As the government has described in detail, there was sufficient evidence on the issue of drug quantity in general, and the duration of the conspiracy to support the jury's verdict.  The evidence at trial including, *inter alia*, evidence that defendant Green provided approximately two and three quarter kilograms of cocaine to defendant Stillis in increments no larger than 500 grams; evidence that defendant Stillis "stashed" a one kilogram "brick" of cocaine at the home of Donna Savage; and the testimony of Trooper Miscannon and defendant Robinson, who both described the use of cutting agents to stretch cocaine for distribution, all supports the jury's finding that the defendants conspired to distribute at least five kilograms of cocaine.

It is not the role of the Court to "re-weigh" the evidence, only to examine whether the jury's verdict was reasonable in the light of that evidence.  See United States v. Rich, 326 F. Supp. 2d 670, 678 (E.D. Pa. 2004).  Defendants have offered no grounds to rebut the presumption "that the jury has properly carried out its function of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences."  Coleman, 811 F. 2d at 807. Accordingly, the Motions for Acquittal under Rule 29 of defendants Stillis and Trader are denied as to Count One.

Moreover, for the same reason, the Court concludes that the jury's verdict was not against the weight of the evidence.  Accordingly, a new trial is not warranted–defendants have not shown that there is serious danger that a miscarriage of justice has occurred.  See Davis, 397 F.3d at 181.  Thus, the Motions for New Trial under Rule 33 of defendants Stillis and Trader are denied as to Count One.

###### C.        Counts Twenty-Two & Twenty-Three–Motion of Defendant Trader

Defendants Stillis and Trader were convicted of knowingly and intentionally distributing, and aiding and abetting the distribution of approximately 244.3 grams of cocaine on or about July 15, 2004–the crime charged in Count Twenty-Two of the Superseding Indictment. The essential elements of that crime are that (1) the defendant, on or about the date alleged in the count, transferred the controlled substance to another person described in the indictment; (2) the defendant knew that the substance was a controlled substance; and, (3) the defendant acted intentionally, that is, that it was his conscious object to transfer the controlled substance to another person.  21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  Defendants Stillis and Trader were also convicted on Count Twenty-Three, which was paired with Count Twenty-Two and charged that the sale of the approximately 244.3 grams of a mixture or substance containing a detectable amount of cocaine took place within 1,000 feet of the real property comprising the Toby Farms Elementary School, a public elementary school located at 201 Bridgewater Road, Brookhaven, Pennsylvania, in violation of Title 21, United States Code, Section 841(a)(1).

The evidence presented at trial with respect to Counts Twenty-Two and Twenty-Three consisted of testimony from undercover state trooper Scott Miscannon who testified concerning the buy on July 15, 2004, of 244.3 grams of cocaine from Stillis and Trader.  Trooper Miscannon testified, *inter alia*, that both defendants Stillis and Trader were present during the July 15, 2004 sale, and that defendant Trader made a comment during the course of that transaction about the "quality of the cocaine."  N.T. 1/8/2007, at 33.

In the oral motion for judgment of acquittal, defendant Trader argued that Trooper Miscannon's testimony only related "to the interaction between Stillis and the Trooper," and

"was not part of the sale, because Mr. Trader before the sale had no interaction, at least pursuant to the trooper's testimony that contributed to the sale." N.T. 1/16/2007, at 81. In other words, defendant Trader argued that because his comments that appeared to vouch for the quality of the cocaine occurred after the transaction, that vouching is not properly viewed as aiding and abetting the sale. In ruling on the oral motion of defendant Trader for judgment of acquittal as to Count Twenty-Two and Twenty-Three, the Court stated:

> And with respect to Count 22, I believe there is sufficient evidence . . . viewing the evidence in the light most favorable to the Government, that Mr. Trader either participated in the transaction referenced in Count 22 -- Counts 22 and 23, or aided and abetted that transaction. So, the motions of all of the defendants for judgment of acquittal under Rule 29 are denied.

N.T. 1/16/2007, at 111.

In the present Motion, with respect to Count Twenty-Two (and presumably Count Twenty-Three), defendant Trader states in total: "Defendant made an oral motion for judgment of acquittal with respect to Counts One and Twenty Two of the Indictment, which were denied by this Honorable Court on January 17, 2007 (sic). Defendant renews its motion for judgment of acquittal and avers that the evidence was insufficient to support the jury's verdict." Trader Mot. at 4.

In response to this Motion, the government responds that "Trader's comment as the sale was completed, that the drugs were 'better' than those previously delivered, showed not only his knowledge of the nature of the meeting on July 15, but of the fact that he knew Stillis had delivered to Miscannon in the past. The jury had ample evidence upon which to convict Trader of distribution, and aiding and abetting distribution, on that date." Resp. at 6.

With regard to the distribution of a controlled substance in violation of 21 U.S.C.

13

§§ 841(a)(1) and (b)(1)(C), the Court instructed the jury at trial, *inter alia*, as follows:

> Distribution does not require a sale.  Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the prices, and supplying or delivering the drugs may constitute distribution.  In short, distribution requires a concrete involvement in the transfer of the drugs.

N.T. 1/18/2007, at 81.[3]

Viewing the evidence in the light most favorable to the Government, the Court concludes that there was sufficient evidence to establish that defendant Trader aided and abetted the crimes charged in Counts Twenty-Two and Twenty-Three.  Trooper Miscannon testified that defendant Trader was present with defendant Stillis throughout the course of the sale and "vouched" for the quality of the drugs.  Drawing all reasonable inferences in favor of the Government, the Court concludes that the verdict must be upheld because a reasonable juror "could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." Coleman, 811 F.2d at 807.  Accordingly, defendant Trader's Motion for Judgment of Acquittal pursuant to Rule 29 is denied with respect to the convictions on Counts Twenty-Two and Twenty-Three of the Superseding Indictment.

For essentially the same reason, the Court concludes that a new trial is not warranted.  Specifically, the evidence of defendant Trader's presence during the sale and his comment about the quality of the cocaine demonstrates that the jury's verdict was not contrary to the weight of the evidence.  Defendant Trader has not shown that there is serious danger that a

---

[3] With respect to the crime of distribution of a controlled substance within 1,000 feet of a school, the crime charged in Count Twenty-Three, the Court further explained that, "in order to find a defendant guilty of a crime of distribution of a controlled substance within a thousand feet of a school the Government must prove the three elements of distribution: transfer of a controlled substance, knowledge that it was a controlled substance and intent . . . all of which I've covered." N.T. 1/18/2007, at 85.

miscarriage of justice has occurred with respect to the conviction on Counts Twenty-Two and Twenty-Three.  <u>See</u> <u>Davis</u>, 397 F.3d at 181.  The Motion for New Trial pursuant to Rule 33 of defendant Trader is denied as to Counts Twenty-Two and Twenty-Three.

## IV.   CONCLUSION

For the foregoing reasons defendant Trader's Motion for Judgment of Acquittal and/or Motion for New Trial Pursuant to F.R.C.P. 29 and F.R.C.P. 33 is denied.  Defendant Stillis's Motion for Judgment of Acquittal or in the Alternative Motion for New Trial Pursuant to F.R.C.P. 29 and F.R.C.P. 33, and the Second Supplement to Defendant Stillis's Motion for Judgment of Acquittal or in the Alternative Motion for New Trial Pursuant to F.R.CR.P. 29 and F.R.CR.P. 33 are denied with respect to defendant Stillis's challenge to his conviction on Count One of the Superseding Indictment.  The Court reserves ruling on the conviction of defendant Stillis on Count Fifty-Three.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **LOUIS STILLIS, a/k/a "Lou Bop,"** | : | **NO: 04-680-03** |
| **TYRONE TRADER, a/k/a "Saleem"** | : | **-06** |

## O R D E R

 **AND NOW**, this 16th day of July, 2007 upon consideration of Defendant's Motion for

Judgment of Acquittal and/or Motion for New Trial Pursuant to F.R.C.P. 29 and F.R.C.P. 33,

filed by defendant Trader (Documents No. 450 & 451, filed January 25, 2007); Defendant's

Motion for Judgment of Acquittal or in the Alternative Motion for New Trial Pursuant to

F.R.C.P. 29 and F.R.C.P. 33, filed by defendant Stillis (Document No. 452, filed February 14,

2007); Government's Consolidated Response to Defendants Stillis' and Trader's Motions for

Acquittal or For New Trial (Document No. 453, filed February 22, 2007); Second Supplement to

Defendant's Motion for Judgment of Acquittal or in the Alternative Motion for New Trial

Pursuant to F.R.CR.P. 29 and F.R.CR.P. 33 filed by defendant Stillis (Document No. 476, filed

May 23, 2007), joined in by defendant Tyrone Trader; Defendant's Motion for Joinder with Co-

Defendant Stillis' 2nd Supplemental Motion for Judgment of Acquittal and/or Motion for New

Trial Pursuant to F.R.CR.P. 29 and F.R.CR.P. 33 filed by defendant Trader (Document No. 480,

filed June 6, 2007); and Government's Consolidated Response to Defendants Stillis' Second

Supplement to Defendant's Motion for Acquittal or for New Trial, Joined by Tyrone Trader

(Document No. 481, filed June 7, 2007), for the reasons set forth in the attached Memorandum,

**IT IS ORDERED** as follows:

 1.     Defendant's Motion for Judgment of Acquittal and/or Motion for New Trial

Pursuant to F.R.C.P. 29 and F.R.C.P. 33, filed by defendant Trader (Documents No. 450 & 451) is **DENIED**;

2.     Defendant's Motion for Joinder with Co-Defendant Stillis' 2nd Supplemental Motion for Judgment of Acquittal and/or Motion for New Trial Pursuant to F.R.CR.P. 29 and F.R.CR.P. 33 filed by defendant Trader (Document No. 480) is **GRANTED**;

2.     The Court **RESERVES**  ruling on that part of Defendant's Motion for Judgment of Acquittal or in the Alternative Motion for New Trial Pursuant to F.R.C.P. 29 and F.R.C.P. 33, filed by defendant Stillis (Document No. 452) that addresses the non-jury conviction on Count 53 of the Superseding Indictment;

3.     In all other respects, Defendant's Motion for Judgment of Acquittal or in the Alternative Motion for New Trial Pursuant to F.R.C.P. 29 and F.R.C.P. 33, filed by defendant Stillis (Document No. 452) and the Second Supplement to Defendant's Motion for Judgment of Acquittal or in the Alternative Motion for New Trial Pursuant to F.R.CR.P. 29 and F.R.CR.P. 33 filed by defendant Stillis (Document No. 476) are **DENIED**

                              **BY THE COURT:**


                              **/s/ Honorable Jan E. DuBois**
                                   **JAN E. DUBOIS, J.**