IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| v. | |
| LOUIS STILLIS, also known as "LOU BOP" | NO.  04-680-03 |

DuBois, J.                                                                                                    May 14, 2015

**M E M O R A N D U M**

**I.      INTRODUCTION**

On January 18, 2007, a jury found defendant Louis Stillis guilty of conspiracy to distribute more than five kilograms of cocaine and other substantive cocaine distribution offenses. Additionally, after a separate bench trial on January 19, 2007, the Court found Stillis guilty of possession of a firearm by a convicted felon. On October 5, 2007, the Court sentenced Stillis, inter alia, to a total sentence of 235 months' imprisonment. Presently before the Court are: (1) Stillis' pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("original § 2255 Motion"); (2) Stillis' pro se Motion to Amend Pursuant to Fed. R. Civ. P. 15(c) ("Motion to Amend"); and (3) Stillis' pro se Amended Motion Under 28 U.S.C. § 2255 ("Amended § 2255 Motion"). For the reasons set forth below, Stillis' Motion to Amend is granted, his original § 2255 Motion is dismissed, and his Amended § 2255 Motion is dismissed and denied without an evidentiary hearing.

**II.     BACKGROUND**

**A.     Facts and Procedural History**

On April 13, 2005, a Grand Jury in the Eastern District of Pennsylvania returned a Fifty-Three Count Superseding Indictment against defendant Stillis and eight other co-defendants. In Count One, the Superseding Indictment charged that the defendants participated in a conspiracy

to distribute more than five (5) kilograms of cocaine in Philadelphia and Delaware Counties from in or about July 2003 through in or about October 2004, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Each defendant was also charged in separate counts with distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and distribution of cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(b)(1)(C) and 860(a).

Additionally, Count Fifty-Three of the Superseding Indictment charged that on or about April 22, 2004, defendant Stillis, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in or affecting interstate commerce, a firearm, that is a loaded Lorcin 9mm semiautomatic pistol, serial number 133831, in violation of 18 U.S.C. § 922(g)(1).

The Superseding Indictment described the drug conspiracy as a pyramid structure with defendant Tyrone Smith at the top. Smith was alleged to be "a supplier of large quantities of cocaine, ranging from approximately 250 grams to approximately one kilogram, which he distributed to defendant William Green . . . and others for redistribution in Delaware County, Pennsylvania." (Superseding Indict., at 3.) At the next level, the Superseding Indictment charged that defendant Green distributed the cocaine he received from defendant Smith to defendant Stillis and others for further distribution. At the bottom, the Government averred that defendant Stillis "distributed cocaine to numerous buyers in Delaware County, Pennsylvania, and used other members of the conspiracy," including defendants Kenneth Wilson, Sherron Moore, Tyrone Trader, Jamal Rideout, Richard Robinson, and Larry Davis, "to distribute cocaine to numerous street-level buyers, and to transport cocaine and to collect money from the sales of cocaine." (Id. at 3–4.) The activities of defendant Stillis and those members of the conspiracy

who purchased cocaine from him for resale centered in the Toby Farms neighborhood of Chester Township in Delaware County, Pennsylvania.

On January 3, 2007, defendants Stillis, Trader, Davis, and Rideout proceeded to trial before a jury.[1] By agreement of the parties, Count Fifty-Three against defendant Stillis was severed from the remainder of the charges. On January 18, 2007, the jury found Stillis and his three co-defendants guilty of all charges against them. The following day, January 19, 2007, defendant Stillis waived his right to a jury trial on Count Fifty-Three, the government accepted his waiver, and the Court approved the waiver. The Court then tried the severed gun charge and found defendant Stillis guilty of that charge.

### B.     Stillis' Motion for Judgment of Acquittal or, in the Alternative, New Trial

At the close of evidence on January 16, 2007, Stillis presented an oral motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, contending that the evidence was insufficient to support the jury's verdict with respect to Count One of the Superseding Indictment (charging all defendants with conspiracy to distribute more than five kilograms of cocaine). The Court denied Stillis' oral motion the same day.

Thereafter, on February 14, 2007, Stillis filed a Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29, or, in the Alternative, for a New Trial Pursuant to Federal Rule of Criminal Procedure 33. In that Motion, Stillis renewed his oral motion for judgment of acquittal with respect to Count One, and sought a new trial under Rule 33 with respect to his conviction on Count Fifty-Three (charging Stillis with possession of a firearm by a convicted felon). Specifically, with respect to Count One, Stillis challenged the

---

[1]     Defendants Tyrone Smith, William Green, Sherron Moore, Richard Robinson, and Kenneth Wilson entered guilty pleas, and, with the exception of Tyrone Smith, testified against defendants Stillis, Trader, Davis, and Rideout at trial under cooperating plea agreements with the Government.

sufficiency of the evidence as it related to: (1) the charged dates of the conspiracy, and (2) the charged drug quantities. With respect to Count Fifty-Three, Stillis argued that there was newly discovered evidence in the form of testimony from a witness named John Mumford, which entitled him to the granting of a new trial.

By Memorandum and Order dated July 16, 2007, the Court denied that part of Stillis' Motion which challenged his conviction on Count One and reserved ruling on that part of Stillis' Motion in which he sought a new trial on Count Fifty-Three based on alleged newly discovered evidence. In rejecting Stillis' challenge to his conviction on Count One, the Court ruled that the evidence was sufficient to "support[] the jury's finding that [Stillis] conspired to distribute at least five kilograms of cocaine" on the dates charged in the Indictment. United States v. Stillis, No. 04-680-03, 2007 WL 2071899, at *6 (E.D. Pa. July 16, 2007), aff'd, 437 F. App'x 78 (3d Cir. 2011). Following a hearing, the Court denied Stillis' Motion for New Trial on Count Fifty-Three by Order dated July 25, 2007, on the ground that the alleged newly discovered evidence upon which he relied was merely impeaching and was unlikely to produce an acquittal at a new trial.

### C. Sentencing and Direct Appeal

Sentencing was conducted on October 5, 2007. At sentencing, Stillis' trial counsel, Steven G. Laver, argued, inter alia, that the Court should not apply any aggravating role enhancements under § 3B1.1 of the U.S. Sentencing Guidelines ("Sentencing Guidelines"). After hearing argument, the Court rejected trial counsel's contention, finding that "Stillis' role in the offense warrant[ed] . . . a three-level enhancement under 3B1.1(b) as a manager or supervisor but not an organizer or leader" of five people (Kenneth Wilson, Sherron Moore, Tyrone Trader, Jamal Rideout, and Richard Robinson) in the drug conspiracy. (Sentencing Tr., October 5, 2007,

at 29.) Trial counsel also argued for a two-level reduction for acceptance of responsibility pursuant to § 3E1.1 of the Sentencing Guidelines, but the Court denied that request. (Id. at 47–48.) The Court sentenced Stillis, inter alia, to concurrent sentences of 235 months' imprisonment on Counts One, Sixteen, Twenty, and Twenty-Three, and a concurrent sentence of 120 months' imprisonment on Count Fifty-Three.

On October 11, 2007, through his appellate counsel, Steven G. Laver, Stillis timely appealed his conviction and sentence to the U.S. Court of Appeals for the Third Circuit. Stillis raised three issues on direct appeal: "(1) that the evidence was insufficient to prove beyond a reasonable doubt that the conspiracy involved five or more kilograms of cocaine; (2) that a new trial on Count 53 was required due to newly discovered evidence; and (3) that the District Court clearly erred by denying his motion for a downward departure for acceptance of responsibility [at sentencing]." United States v. Stillis, 437 F. App'x 78, 80 (3d Cir. 2011). The Third Circuit affirmed this Court's decision in all respects.

Stillis filed a petition for a writ of certiorari to the Supreme Court of the United States. Stillis v. United States, 132 S. Ct. 343 (2011). His petition was denied on October 3, 2011.

### D.  Motions Under 28 U.S.C. § 2255

Stillis timely filed his original § 2255 Motion on October 3, 2012.[2] Thereafter, Stillis requested a temporary stay in the proceedings and, there being no objection from the Government, the Court granted that request "so as to give [Stillis] sufficient time to file an

---

[2]    "The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing." Pabon v. Mahanoy, 654 F.3d 385, 391 (3d Cir. 2011). Thus, the Court deems Stillis' original § 2255 Motion filed on October 3, 2012, the date on which Stillis signed it. Butler v. Walsh, 846 F. Supp. 2d 324, 329 (E.D. Pa. 2012) (DuBois, J.); see Hodge v. Klopotoski, No. 08-455, 2009 WL 3572262, at *15 (W.D. Pa. Oct. 26, 2009) ("In the absence of contrary evidence, a court will typically assume that a prisoner presented his or her petition to prison authorities for filing on the same date that he or she signed it.").

amended motion under 28 U.S.C. § 2255." Order dated June 27, 2013; see also Order dated August 12, 2013 (extending the temporary stay). Stillis filed a Motion to Amend and an Amended § 2255 Motion on September 3, 2013.[3]

### III.    DISCUSSION

In Stillis' Amended § 2255 Motion, he raises four grounds for relief: (1) trial counsel was ineffective in failing to object to the Court's handling of an allegation of juror misconduct; (2) the Government committed prosecutorial misconduct in the rebuttal portion of its closing argument, and trial counsel was ineffective in failing to object to that misconduct; (3) the evidence was insufficient to establish that Stillis was a member of the drug conspiracy, and trial and appellate counsel were ineffective in failing to argue that Stillis was not a manager/supervisor in the drug conspiracy; and (4) the Government violated Stillis' Sixth Amendment rights by failing to call as witnesses at trial the laboratory technicians who weighed and tested the drug evidence, and trial counsel was ineffective in failing to object to the testimony of police officers which discussed the results of the laboratory reports. Additionally, Stillis moves to "preserve his right to challenge his sentence in future proceedings under 28 U.S.C. § 2255(f)(4) in the event [he] is successful in challenging predicate offenses used to enhance [his] Criminal History Category ("CHC")." Stillis has also requested an evidentiary hearing. For the reasons that follow, the Court dismisses and denies all of Stillis' claims without an evidentiary hearing.

---

[3]    In his Motion to Amend, Stillis requests leave to file an amended § 2255 motion "in place of his previously filed § 2255" because, inter alia, he "inadvertently incorporated meritless arguments in his original pleading." (Mot. to Amend 1.) The Government has not objected to the granting of Stillis' Motion to Amend, and it has responded exclusively to the grounds for relief raised in his Amended § 2255 Motion. Accordingly, the Court grants Stillis' Motion to Amend, dismisses his original § 2255 Motion, and considers only those arguments raised in his Amended § 2255 Motion.

### A. Legal Standard

#### 1. Ineffective Assistance of Counsel

"<u>Strickland v. Washington</u> supplies the standard for addressing a claim of ineffective assistance of counsel." <u>United States v. Smack</u>, 347 F.3d 533, 537 (3d Cir. 2003). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984).

The <u>Strickland</u> standard requires a two-part inquiry. "First, the defendant must show that counsel's performance was deficient," <u>id.</u> at 687, that is, "that counsel's representation fell below an objective standard of reasonableness," <u>id.</u> at 688. The measure for counsel's performance under the first prong is "whether counsel's assistance was reasonable considering all the circumstances," including "[p]revailing norms of practice." <u>Id.</u> "Second, the defendant must show that [counsel's] deficient performance prejudiced the defense." <u>Id.</u> at 687. With respect to the prejudice prong, the defendant is required to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." <u>Id.</u> Furthermore, "[t]he effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial: 'a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" <u>United States v. Gray</u>, 878 F.2d 702, 711 (3d Cir. 1989) (quoting <u>Strickland</u>, 466 U.S. at 696).

#### 2. Procedural Default

A motion under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal. <u>Gov't of the Virgin Islands v. Nicholas</u>, 759 F.2d 1073, 1074 (3d Cir. 1985). Accordingly, a federal

prisoner is procedurally barred from collaterally attacking his sentence under § 2255 insofar as the attack is based upon issues that could have been, but were not, raised on direct appeal. See United States v. Frady, 456 U.S. 152, 164–65 (1982); United States v. Essig, 10 F.3d 968, 978–79 (3d Cir. 1993). Claims of ineffective assistance of counsel are an exception to the general rule of procedural default. Massaro v. United States, 538 U.S. 500, 504 (2003).

Procedural default will be excused if a defendant can demonstrate cause and prejudice or that a failure to consider his claims will result in a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). With respect to the cause and prejudice requirement, courts have held that cause exists when a defendant demonstrates "some objective factor external to the defense [that] impeded counsel's efforts to comply with the . . . procedural rule." Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). The cause must be "something that cannot fairly be attributed" to the defendant. Coleman, 501 U.S. at 753. Prejudice means that the alleged error worked to the defendant's "actual and substantial disadvantage." Frady, 456 U.S. at 170. To show a fundamental miscarriage of justice, a defendant must present new evidence that he is actually innocent of the crime for which he has been convicted. Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002). To establish the requisite probability of actual innocence, the defendant must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995).

### B. Ground One: Trial Counsel Was Ineffective in Failing to Object to the Court's Handling of an Allegation of Juror Misconduct

In his first ground for relief, Stillis argues that his trial counsel was ineffective in failing to object to the manner in which the Court handled an allegation of juror misconduct that was raised during the course of the trial. The allegation at issue was raised by Juror No. 10, and, as

described by the Court, involved a claim that other jurors "were talking and not paying attention and [were] not being, quote, professional, end of quote." (Trial Tr., January 8, 2007, at 3.) The Court addressed the allegation at a sidebar conference with counsel, and although the Court noted that it "didn't hear anyone talking" and that the jurors "seem to be paying attention today," the Court told counsel: "we're going to stop these informal contacts," referring to the conduct about which Juror No. 10 spoke. (Trial Tr., January 8, 2007, at 3.) Stillis contends that his trial counsel was ineffective in failing to ask the Court to do more, such as request that the Court conduct voir dire of the jurors in order to "uncover the full extent of the misconduct." (Amended § 2255 Mot. 6.) The Court rejects this argument.

Trial counsel's decision not to object to the Court's handling of the matter was reasonable in view of the fact that "the trial court exercises broad discretion" in determining the way in which to address allegations of "improper intra-jury misconduct." United States v. Resko, 3 F.3d 684, 690 (3d Cir. 1993) (emphasis deleted). Unlike an allegation of an improper "extra-jury influence," which "pose[s] a far more serious threat to the defendant's right to be tried by an impartial jury," id. (emphasis in original), the allegation raised by Juror No. 10 concerned an intra-jury matter. The Court adequately addressed the allegation at a sidebar conference with counsel and acted well within its discretion in declining to conduct voir dire of individual jurors.

Moreover, the reasonableness of trial counsel's representation is further underscored by the fact that the Court repeatedly admonished the jury throughout the trial not to "discuss the case amongst yourselves . . . until after all the evidence is received, you hear closing arguments, [and the Court's] charge." (Id. at 208.) In doing so, the Court reminded the jury of its obligation not to engage in premature deliberations. The record also reflects that the issue was not raised again by any jurors or by counsel for either party, and the Court did not observe any jurors acting

9

inappropriately in the courtroom throughout the course of the trial. Under such circumstances, Stillis cannot show that trial counsel's performance "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687–88. Accordingly, the Court denies Stillis' claim that trial counsel was ineffective in not objecting to the manner in which the Court handled Juror No. 10's allegation of juror misconduct.

### C. Ground Two: Alleged Prosecutorial Misconduct Committed by the Government During the Rebuttal Portion of its Closing Argument

The Court construes Stillis' second ground for relief as raising two separate claims: (1) a claim that the Government committed prosecutorial misconduct during the rebuttal portion of its closing argument; and (2) a claim that Stillis' trial counsel was ineffective in failing to object to that prosecutorial misconduct. Specifically, Stillis contends that the Government's rebuttal contained prejudicial and inflammatory language that "likely tainted the jury and affected the outcome of the proceed[ings]." (Amended § 2255 Mot. 3.) The challenged portion of the Government's rebuttal is emphasized in the following excerpt:

> The evidence in this case does not show that Jamal Rideout is an independent contractor, a friendly competitor. Mr. Stillis would not have trusted Mr. Rideout with the information that he told him on those calls that you heard. <u>He certainly wouldn't have discussed eliminating a rival, that guy, Jay West, that he seemed to indicate was maybe an informant or I think he said he was a cop. He's talking about knocking that guy off on the phone with Jamal Rideout.</u> He's going to do that with a friendly competitor? No. No, ladies and gentlemen. No, we don't have as many calls with Jamal Rideout as we do with the others, but there's no question, Jamal Rideout is in exactly the same position in this organization as is Tyrone Trader, and Larry Davis, and Sherron Moore, and Richard Robinson, and Kenny Wilson. He, too, works for Louis Stillis.

(Trial Tr., January 18, 2007, at 38–39) (emphasis added). The Court addresses each of Stillis' claims in turn.

10

### 1. Claim of Prosecutorial Misconduct

To the extent that Stillis is raising a substantive claim of prosecutorial misconduct, this claim is procedurally defaulted because he did not raise it on direct appeal. See Nicholas, 759 F.2d at 1074. Stillis has not offered any argument or presented any evidence to demonstrate cause as to why he did not raise this issue on appeal, nor has he presented any evidence showing prejudice or that a failure to consider this claim would result in a fundamental miscarriage of justice. Accordingly, this claim is dismissed.

Assuming arguendo that this claim was not procedurally defaulted, it fails on the merits. The Third Circuit has stated that "an AUSA is afforded considerable leeway in fashioning a summation, and that the government is entitled to summarize its case graphically and forcefully." United States v. Bates, 46 F. App'x 104, 110 (3d Cir. 2002) (non-precedential). "In order for prosecutorial misconduct to merit a reversal . . . [the] Court must find that it is more probable than not that the alleged misconduct influenced the jury's ultimate verdict. . . [A] conviction will be set aside when the prosecutor's misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Id. (citations omitted). It is also relevant to consider whether the Government "manipulate[d] or misstate[d] the evidence," or "implicate[d] other specific rights of the accused such as the right to counsel or the right to remain silent." See Darden v. Wainwright, 477 U.S. 168, 181–82 (1986).

When the challenged portion of the Government's rebuttal is read in context, it is clear that it constituted proper argument. The Government did not "manipulate" or "misstate" the evidence, nor did it implicate "other specific rights of the accused." Id. To the contrary, the Government's argument was based on direct evidence in the record — a recording of a telephone conversation between Stillis and co-defendant Jamal Rideout — and it was clearly directed at rebutting the argument put forth by Rideout that he was not a member of the same drug

11

conspiracy as Stillis, but rather was a "friendly competitor." (Gov't Resp. to Amended § 2255 Mot. 23.) The Government's reference to the discussion of "knocking off" a rival may have been "graphic[] and forceful[]," Bates, 46 F. App'x at 110, but it does not rise to the level of prosecutorial misconduct.

### 2.     Alleged Ineffectiveness of Counsel

Stillis further argues that trial counsel was ineffective in failing to object to the allegedly inflammatory statements made by the Government in its rebuttal. As discussed above, the statements made by the Government in its rebuttal were proper, and "there [thus] would have been no basis for [an] objection." Thomas v. Horn, 570 F.3d 105, 121 n.7 (3d Cir. 2009), as corrected (July 15, 2009). Counsel cannot be ineffective in such a situation. Id. (citing Moore v. Deputy Comm'r(s) of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991)). Accordingly, the Court denies Stillis' claim that trial counsel was ineffective in failing to object to allegedly inflammatory statements in the Government's rebuttal.

### D.    Ground Three: Alleged Insufficiency of the Evidence Relating to Stillis' Role in the Drug Conspiracy and Alleged Ineffectiveness of Counsel in Failing to Argue that Stillis was not a Manager/Supervisor in the Drug Conspiracy

In his third ground for relief, Stillis asserts that the evidence presented at trial established that he "was acting independently of others engaged within the conspiracy" and that he was "only responsible for providing drug[s] to other independent sellers." (Amended § 2255 Mot. 4.) Stillis further contends that his trial and appellate counsel were ineffective in failing to argue that he was not a manager/supervisor in the drug conspiracy. The Court construes this part of Stillis' Amended § 2255 Motion as raising two separate claims: (1) a claim that the evidence at trial was insufficient to establish that he was a member of the drug conspiracy; and (2) a claim that trial and appellate counsel were ineffective in failing to contest the Court's application at sentencing

of a three-level aggravating role enhancement under § 3B1.1 of the Sentencing Guidelines. The Court addresses each claim in turn.

### 1. Sufficiency of the Evidence Relating to Stillis' Role in the Drug Conspiracy

To the extent that Stillis contends that the evidence presented at trial was insufficient to establish that he was a member of the drug conspiracy, this claim fails because it has already been adjudicated by this Court and the Third Circuit. Specifically, in a post-trial motion filed pursuant to Federal Rules of Criminal Procedure 29 and 33, Stillis challenged the sufficiency of the evidence as it related to: (1) the charged dates of the conspiracy, and (2) the charged drug quantities. The Court denied Stillis' Motion by Memorandum and Order dated July 16, 2007, concluding that the evidence was sufficient to "support[] the jury's finding that [Stillis] conspired to distribute at least five kilograms of cocaine" on the dates charged in the Indictment. Stillis appealed the Court's decision to the Third Circuit, and the Third Circuit affirmed this Court's decision in all respects. In order to affirm this Court's decision, the Third Circuit necessarily had to have found that there was sufficient evidence to support the jury's finding that Stillis was a member of the drug conspiracy.

Accordingly, insofar as Stillis is seeking to re-litigate the issue of whether the evidence was sufficient to sustain his conviction for conspiracy, the Court dismisses this claim. See In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998) (concluding that the law of the case doctrine precludes review of those legal issues decided in a prior appeal); United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001) (concluding that "[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255").

### 2. Alleged Ineffectiveness of Counsel

Stillis further argues that trial and appellate counsel were ineffective in failing to argue that he was not a "manager" or "supervisor" within the meaning of § 3B1.1 of the Sentencing Guidelines. This argument is unavailing.

With respect to trial counsel, contrary to Stillis' argument, counsel did in fact argue at sentencing that the Court should not apply any aggravating role enhancements under § 3B1.1. As relevant here, trial counsel argued as follows:

> [W]hat you can glean from the totality of the testimony was a loose confederation of people distributing drugs within that neighborhood, Toby Farms, not that there's a[n] organization with structure which says that Mr. Stillis directed or organized or controlled the activities of the other people mentioned. What the evidence showed was these people were working together . . . but [there] was not a business organization that shows Mr. Stillis as the organizer, rather someone who participates in a confederation . . . I would concede that the jury found a conspiracy with the required number of participants. But again there was no finding that [Stillis] was an organizer or supervisor/manager.

(Sentencing Tr., October 5, 2007, at 24–25.) The fact that the Court ultimately rejected trial counsel's argument and found that there was sufficient evidence to establish that Stillis was a "manager" or "supervisor" within the meaning of § 3B1.1 does not render trial counsel ineffective.

With respect to appellate counsel, although he did not challenge the Court's application of § 3B1.1 on direct appeal, the Court concludes that this was reasonable in light of the amount and strength of the evidence supporting the Court's decision. The Court's application of § 3B1.1 was amply supported by the evidence presented at trial, which established, inter alia, that "Stillis directed his distributors to meet his customers . . . to sell them cocaine; he called to inquire if they sold all the cocaine or if they needed more; he harangued them if they were selling too slowly . . .; and was angry when on one occasion, a distributor went to another supplier to obtain cocaine." (Gov't Resp. to Amended § 2255 Mot. at 32–33.) Counsel cannot be ineffective under

such circumstances. See, e.g., Gov't of Virgin Islands v. Lewis, 620 F.3d 359, 372 (3d Cir. 2010) (citing Thomas, 570 F.3d at 121 n.7) (counsel cannot be ineffective for failing to raise issues that lack merit).

Accordingly, the Court denies Stillis' claim that trial and appellate counsel were ineffective in failing to argue that he was not a manager/supervisor in the drug conspiracy.

### E. Ground Four: Alleged Violation of Stillis' Sixth Amendment Right to Confront Witnesses Under the Confrontation Clause

In his fourth ground for relief, Stillis contends that the Government violated his Sixth Amendment right to confront the witnesses against him because the Government did not call as witnesses at trial the laboratory technicians who weighed and tested the drug evidence used against him. He further contends that trial counsel was ineffective in failing to object to the testimony of police officers who were asked to "authenticate" the laboratory reports prepared by those technicians. The Court construes this part of Stillis' Amended § 2255 Motion as raising two separate claims: (1) a claim that the Government violated Stillis' rights under the Confrontation Clause by not calling the laboratory technicians as witnesses at trial; and (2) a claim that Stillis' trial counsel was ineffective in failing to object to testimony which referred to the results of the laboratory reports. The Court addresses each claim in turn.

#### 1. Alleged Confrontation Clause Violation

To the extent that Stillis argues that the Government violated his rights under the Confrontation Clause of the Sixth Amendment, this claim is procedurally defaulted because he did not raise it on direct appeal. See Nicholas, 759 F.2d at 1074. Stillis has not offered any argument or presented any evidence to demonstrate cause as to why he did not raise this issue on appeal, nor has he presented any evidence showing prejudice or that a failure to consider this claim would result in a fundamental miscarriage of justice. Accordingly, this claim is dismissed.

Assuming <u>arguendo</u> that this claim was not procedurally defaulted, it fails on the merits because Stillis stipulated to the admission of the lab reports into evidence before trial. The stipulation was read into the record during the course of the trial, and it provided in relevant part that:

> The defendants and Government agree that the substances obtained by the Pennsylvania State Police and/or the Drug Enforcement Administration and analyzed pursuant to the lab report numbers set forth below, confiscated on the dates noted, contain a detectable amount of Schedule II controlled substance, namely cocaine. And weighed the amounts indicated below within the meaning of Title 21, United States Code, Sections 841(a) and (b), Section 846 and Section 860 . . . The defendants and Government agree and stipulate that this stipulation and its attachments are admissible in evidence without the necessity of calling the individual chemists to verify the chemical composition and the weights of the substances listed above.

(Trial Tr., January 12, 2007, at 153–55.) In light of the stipulation, the Government was not required to call the lab technicians as witnesses at trial. <u>See</u> <u>United States v. Williams</u>, 403 F. App'x 707, 708 (3d Cir. 2010) (non-precedential) (defendant waived Sixth Amendment right to confront laboratory technicians by stipulating to the admissibility of the laboratory evidence).

### 2.    Alleged Ineffectiveness of Counsel

Stillis further argues that trial counsel was ineffective in failing to object to the testimony of "several state troopers" whom the Government called as lay witnesses at trial and asked to "authenticate laboratory reports of examinations conducted on certain drug evidence." (Amended § 2255 Mot. 9.) Stillis did not identify the specific testimony to which he was referring, but the Government identified the following passage as an example of the relevant testimony on this issue:

> Ms. Stark:         And what is Government Exhibit Number 54?
> Trooper Miscannon: It's a report of drug property collected. Which is basically a lab report from the Drug Enforcement Administration.
> Ms. Stark:         And with respect to the weight of the controlled substance contained in Government Exhibit 54, and the content of the controlled substance, what was the content of the

16

|  |  |
|---|---|
|  | controlled substance? |
| Trooper Miscannon: | The active ingredient of cocaine, hydrochloride. |

(Trial Tr., January 8, 2007, at 20–21.)

The Court rejects Stillis' argument that trial counsel was ineffective in failing to object to such testimony. As discussed above, Stillis stipulated to the admission of the lab reports into evidence before trial, and he expressly agreed that there would be no need to call the "individual chemists to verify the chemical composition and the weights of the substances" in the lab reports. (Trial Tr., January 12, 2007, at 153–55.) In light of the stipulation, there would have been no need for the Government to "authenticate" the lab reports, see, e.g., United States v. Rodriguez, No. 97-224-03, 1999 WL 718076, at *2 (E.D. Pa. Aug. 30, 1999), and, in any event, it is clear from Trooper Miscannon's testimony that he was not seeking to "authenticate" the reports. Rather, he was merely discussing the results of those reports, i.e. that the substance in question was cocaine. As there would have been "no basis for [an] objection" to such testimony, trial counsel was not ineffective in failing to make an objection. See Thomas, 570 F.3d at 121 n.7. Accordingly, the Court denies Stillis' claim that trial counsel was ineffective in failing to object to the testimony of police officers in which they referred to the results of the laboratory reports.

### F. Stillis' Request to Preserve his Right to Challenge his Sentence in Future Proceedings

At the conclusion of his Amended § 2255 Motion, Stillis moves to "preserve his right to challenge his sentence in future proceedings under 28 U.S.C. § 2255(f)(4) in the event [he] is successful in challenging predicate offenses used to enhance [his] Criminal History Category ("CHC")." (Amended § 2255 Mot. 10.) The Government objects to Stillis' request on the ground that he does not claim that any of his underlying predicate convictions have been successfully challenged or that any such challenges are in progress. (Gov't Resp. to Amended § 2255 Mot. 38.) The Government further notes that the appeal period for all of Stillis' previous convictions

has expired. (Id.) The Court denies Stillis' request on the ground that if Stillis wishes to challenge his underlying sentence in a future § 2255 motion, he must first seek leave from the Third Circuit to file a second or successive habeas motion. See 28 U.S.C. § 2255(h) (incorporating the certification requirements of 28 U.S.C. § 2244(b)(3)).

### G. Request for an Evidentiary Hearing

Stillis requests that the Court hold an evidentiary hearing with respect to his claims. Under 28 U.S.C. § 2255, "the question of whether to order a hearing is committed to the sound discretion of the district court." Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, "the [C]ourt must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." Id.; see also United States v. Day, 969 F.2d 39, 41–42 (3d Cir. 1992). The Court denies Stillis' request for an evidentiary hearing because the record conclusively establishes that he is not entitled to the relief sought in his Amended § 2255 Motion.

### H. Certificate of Appealability

A certificate of appealability shall issue only if the movant establishes "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999); 28 U.S.C. § 2253(c). The Court concludes that Stillis has not made such a showing with respect to his Amended § 2255 Motion. Thus, a certificate of appealability shall not issue.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Stillis' Motion to Amend, dismisses his original § 2255 Motion, and dismisses and denies his Amended § 2255 Motion without an evidentiary hearing.

An appropriate order follows.